STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVED & FILED

MAY 27 2010

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-09-199

BRIANNA FREEMAN,

Plaintiff,

v.

DECISION

REALTY RESOURCES HOSPITALITY, LLC,
d/b/a DENNY'S OF AUBURN,

Defendant.

Plaintiff Bruce Freeman, also known as Brianna, a male-to-female transgender individual, alleges unlawful public accommodation discrimination based upon sexual orientation, disability, and sex by defendant Realty Resources Hospitality d/b/a Denny's of Auburn ("Defendant" or "Denny's"). This matter is before the court on Denny's motion for judgment on the pleadings, plaintiff's second motion to amend and plaintiff's motion to strike defendant's jury trial request.

BACKGROUND

The facts in the pleadings may be briefly summarized as follows: Ms. Freeman is a male-to-female transgender individual who at the time of the alleged discrimination was undergoing a medically recommended male-to-female transgender process. In mid-summer of 2007 Ms. Freeman discussed the process with a Denny's manager and received permission to use the women's restroom. In late October of 2007 a new manager ordered her not to use the women's restroom any more because Ms. Freeman was biologically male. Ms. Freeman expresses herself as a female in that she wears women's clothing, makeup, jewelry, and perfume. Using the men's restroom at Denny's was unacceptable to her and this lawsuit was the eventual result.

The issue is whether Ms. Freeman has adequately alleged facts that, when viewed in the light most favorable to her, survive the defendant's claim that the Maine Human Rights Act ("MHRA") does not provide her with any protections. As stated above, Ms. Freeman has stated three claims:

## DISCUSSION

The MHRA states:

> To protect the public health, safety and welfare, it is declared to be the policy of this State . . . to prevent discrimination in . . . public accommodations on account of . . . sex, sexual orientation, physical or mental disability.

Sexual Orientation

5 M.R.S.A. § 4552 (2009).

Sexual orientation is defined as "a person's actual or perceived heterosexuality, bisexuality, homosexuality, or gender identity or expression." 5 M.R.S.A. § 4553(9-C).[1] The court bases its decision on the plain language of the statute and concludes that, when viewing the facts in a light most favorable to the plaintiff, Ms. Freeman has adequately plead a claim that Denny's prohibited her from using the women's restroom because of her sexual orientation. These facts are adequate to overcome a motion to dismiss the claim for unlawful discrimination on the basis of sexual orientation.

---

[1] The court also finds the Maine Human Rights Commission's definition of "sexual orientation" helpful in determining who is protected under the MHRA. The Commission defines "sexual orientation" exactly as it is defined under statute, but provides further clarity in its statements that:

> The term "gender identity" means an individual's gender-related identity, whether or not that identity is different from that traditionally associated with that individual's assigned sex at birth, including, but not limited to, a gender identity that is transgender or androgynous.
> []The term "gender expression" means the manner in which an individual's gender identity is expressed, including, but not limited to, through dress, appearance, manner, speech, or lifestyle, whether or not that expression is different from that traditionally associated with that individual's assigned sex at birth.

94-348 C.M.R. ch. 003 § 3.02(C) (2010).

2

## Disability

Ms. Freeman also claims discrimination based upon disability. However, the Legislature made it clear that "physical or mental disability does not include . . . any condition covered under" the definition of "sexual orientation" as found in *section* 4553(9-C). 5 M.R.S.A. § 4533-A(3)(B).

## Sexual Discrimination

The Law Court has never held that a person being discriminated against because of her sexual orientation is a victim of sexual discrimination under the Maine Human Rights Act. The Legislature clearly believed that discrimination based on sexual orientation was not covered by the prohibition against sexual discrimination.[2] That is why the Legislature amended the MHRA in 2005 to prohibit discrimination based on sexual orientation.

Federal courts have, as a policy matter, taken it upon themselves to expand the definition of sexual discrimination to include sexual orientation. *See Barnes v. City of Cincinnati*, 401 F.3d 729, 737-38 (6th Cir. 2005); *Schroer v. Billington*, 525 F. Supp. 2d 58, 62-64 (D.D.C. 2007). Ms. Freeman has asked this court to do so as well. That kind of judicial expansion would not be appropriate on a complex issue such as this, especially when the Legislature has already attended to the matter.

## Plaintiff's Second Motion to Amend and Motion to Strike

Ms. Freeman has filed a second motion to amend and a motion to strike Denny's request for a jury trial.

---

[2] *See e.g.* Legis. Rec. S-338 (Mar. 28, 2005); Legis. Rec. S-351 (Mar. 29, 2005); Legis. Rec. House H-293 (Mar. 29, 2005); Legis. Rec. House H-296 (Mar. 29, 2005); Legis. Rec. House H-300 (Mar. 29, 2005).

Denny's asked for a jury trial because Ms. Freeman asked for compensatory and punitive damages. Ms. Freeman's second motion to amend seeks to eliminate her request for compensatory and punitive damages.

Because this is an accommodation case and not an employment case, I think Ms. Freeman's right to compensatory and punitive damages was dubious at best. Because this is an accommodation case and not an employment case, Denny's right to a jury trial was equally dubious. In any event, Denny's has consented to Ms. Freeman's second motion to amend. There will be no compensatory and punitive damages. There will be no jury trial.

## CONCLUSION

Ms. Freeman's second motion to amend as to eliminate compensatory and punitive damages is granted.

Ms. Freeman's motion to strike Denny's request for a jury trial is granted.

Denny's' motion to dismiss for failure to state a claim in regard to sexual orientation is denied.

Denny's' motion to dismiss for failure to state a claim in regard to disability and sexual discrimination is granted.

The clerk will enter this decision on the docket by reference.


DATED:    May 27, 2010


_W. S. Brodrick_
William S. Brodrick
Justice, Superior Court
Active Retired

4